## PHILIP LOMBARDO, PROSECUTOR, v. MAYOR AND COUNCIL OF THE BOROUGH OF LODI, RESPONDENT.

Submitted October term, 1928—Decided January 3, 1929.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Benjamin P. Galanti.*

For the respondent, *Walter G. Winne.*

PER CURIAM.

This writ brings up for review the proceedings upon the adoption of an ordinance of the borough of Lodi, in the county of Bergen, which was finally passed at a meeting at which the mayor and five councilmen were present, three councilmen voting in favor of its passage and two against.

The contention of the prosecutor is that the votes of four councilmen, being a majority of the whole council, were necessary, except in the case of a tie vote of three councilmen, for adoption and three opposed, which situation would require the vote of the mayor in favor of adoption.

The insistence of the prosecutor is that the Borough act of 1897 (*Pamph. L.* 1897, *p.* 285; 1 *Comp. Stat., p.* 226—at *p.* 238), by section 26, requires the vote of a majority of the whole council to adopt an ordinance and that although this

court in *Public Service Railway Co.* v. *General Omnibus Co.,*
93 *N. J. L.* 344, held that "An act concerning municipalities"
(Home Rule act—*Pamph. L.* 1917, *p.* 319, as amended
*Pamph. L.* 1918, *p.* 478) presented a new method for the
adoption of ordinances in all municipalities, by necessary
implication repealing all statutes providing a different method
and further held that the adoption of an ordinance by a
majority of a quorum present was sufficient, yet by an amend-
ment of section 26 of the General act relating to boroughs
in 1921 (*Pamph. L.* 1921, *p.* 803) again requiring the vote
of a majority of the whole council to pass an ordinance such
legislation being subsequent to the Home Rule acts of 1917
and 1918, *supra,* superseded such act and amendment and
made inapplicable the rule laid down in *Public Service Rail-
way Co.* v. *General Omnibus Co., supra,* and at the time of
the adoption of the ordinance in question, namely, April
23d, 1928, required the vote of a majority of the whole council.

Up to this point the prosecutor and respondent are not in
disagreement but respondent asserts, and correctly so, that
subsequent to the 1921 amendment of section 26 of the
Borough act, section 1 of article 20 of the Home Rule act,
respecting ordinances and the adoption thereof was amended
(*Pamph. L.* 1926, *p.* 378) again evincing the intention of the
legislature as was said in *Public Service Railway Co.* v. *Gen-
eral Omnibus Co., supra,* "to do away with the differentiation
of the number of votes required  *  *  *  and to establish a
uniform rule by placing the passage of all ordinances by a
majority vote in all municipalities whether under the form
of commission government or under mayor and council or
any other form of municipal rule.  *  *  *  The fact that
the Home Rule act makes no provision whatever as to what
vote shall be sufficient for the passage of an ordinance, or the
transaction of any other lawful business, is a cogent circum-
stance tending to establish that the legislature intended that
the common law rule, that a majority vote of the members
of the municipal body constituting a quorum shall be suffi-
cient for the purposes mentioned.  *  *  *  We are inclined
to the view that where the legislature by a general statute, as

here, covered the entire subject of municipal powers and procedure thereunder, as granted to the municipalities of this state, failed to make any provision for the number of votes which shall be necessary for the passage of an ordinance or the transaction of any other lawful business, that the law making power intended to adopt the common law rule, as above stated, and hence, any exceptions existing in a former statute, to the common law rule, and which is inconsistent with such rule is impliedly repealed, unless the exception is in express terms retained by such general statute."

It is apparent, therefore, that at the time of the adoption of the ordinance in question, the statutory requirement was the same as at the time of the foregoing decision of this court and that the rule therein laid down is controlling and the ordinance was properly and legally adopted.

It is urged by the respondent that the writ should be dismissed because there is no proof that the prosecutor has a personal or property interest entitling him to attack the action of the municipal body. This is without legal merit, as the prosecutor appears as a taxpayer, and *Jackson* v. *Gloucester City*, 6 *N. J. Mis. R.* 451, is controlling.

The proceedings under review are therefore affirmed, for the reason previously given, and the writ dismissed, with costs.